UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. TOMASINI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES CHAU, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0286 JAM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 7. In support of the request, plaintiff asserts that his advanced age, the complexity of his case, and the fact that he is currently suffering side effects from cancer treatment warrant appointment of counsel. See id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). A review of

plaintiff's complaint indicates that plaintiff raises two claims: one of deliberate indifference to his serious medical needs and another of cruel and unusual punishment as they relate to his bladder and cancer issues. <u>See</u> ECF No. 1 at 5-14. On their face, these are straightforward, simple claims. In addition, a review of the complaint as well as of the instant motion to appoint counsel indicates that thus far, plaintiff has been able to articulate his claims in a fairly clear manner. <u>See</u> <u>generally</u> ECF Nos. 1, 7. For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 7) is DENIED.

DATED: February 28, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE