UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| PAUL C. TOMASINI, | No. 2:18-cv-0286 JAM AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JAMES CHAU, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated herein, plaintiff's motion to proceed in forma pauperis will be granted, and his request for emergency injunctive relief shall be denied as premature. Plaintiff will also be given the opportunity to amend the complaint.

I.     IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

   A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

   B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

IV. PLAINTIFF'S COMPLAINT

Plaintiff names Mule Creek State Prison's ("MCSP") Dr. James Chau, Dr. James Jackson, Dr. Christopher Smith, Dr. Jonathan Ashby, Dr. Darrel Hopkins, and Nurse D. Gentry as well as California Correctional Health Care Services' ("CCHCS") Chief Executive Officer W. David Smiley and Deputy Director of Policy and Risk Management Services J. Lewis as defendants in this action. See ECF No. 1 at 1-4. In sum, he claims that between 2015 and 2018, each defendant in his or her own way either delayed, improperly treated or had improper responses to his bladder, prostate and cancer conditions. See generally id. at 5-15. Plaintiff asserts that as the result of defendants' improper responses to his illnesses, he experienced permanent damage to his anatomy and bladder function, unnecessary advancement and likely metastasis of aggressive cancer, discomfort, pain, infections, sleep disturbances, the need for more aggressive treatment, and depression. See id. at 5, 14. Defendants' delayed and/or improper responses to his serious medical needs, plaintiff contends, constituted deliberate indifference to his serious medical needs and cruel and unusual punishment. See id.

Plaintiff asks the court to order emergency injunctive relief so that he may receive a da Vinci robotic prostatectomy at U.C. Davis Medical Center. See ECF No. 1 at 16-17. In addition, plaintiff seeks an order requiring defendants to provide any treatment regimen that any licensed medical clinician deems appropriate for the effective treatment of plaintiff's adenocarcinoma, and that they be required to provide such treatment for the rest of plaintiff's life. See id. Finally, plaintiff asks for monetary damages of ten million dollars. See id.

////

## V. LEGAL STANDARDS

### A. Deliberate Indifference to Serious Medical Need

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

## VI. DISCUSSION

### A. Deliberate Indifference to Serious Medical Needs (Claim I)

Plaintiff's complaint, which is seventeen pages in length, goes into a fair amount of detail regarding each defendant's actions or lack thereof while treating him. See ECF No. 1 at 5-15. It is clear from the face of the complaint that plaintiff's prostate and bladder problems and cancer diagnosis constitute serious medical conditions. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th

Cir. 2000) (defining serious medical need as one that reasonable doctor would find important and worthy comment or treatment). However, none of plaintiff's allegations against any of the named defendants allege a sufficiently culpable state of mind to support a cognizable claim of deliberate indifference to those serious medical needs. See generally ECF No. 1 at 5-15. Plaintiff does not allege that any of the defendants either intentionally delayed his treatment or deprived him of treatment with knowledge that doing so created a substantial risk of serious harm. It appears that plaintiff is simply dissatisfied that he has not received the treatment he would have preferred from each defendant at the time that he wanted it.

It is well-established that a prisoner is not entitled to a particular type of treatment plan or medical regimen. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (stating prison officials must insure inmates receive *adequate* medical care) (emphasis added); Brown v. Plata, 563 U.S. 493, 511 (2011) (stating prison that deprives prisoners of *adequate* medical care is incompatible with concept of human dignity) (emphasis added); Hudson, 503 U.S. at 9 (stating society does not expect prisoners to have unqualified access to health care); see generally Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986) (stating inmate has no independent constitutional right to outside medical care additional and supplemental to that provided by prison staff). Indeed, prison officials have broad discretion in how the health concerns of inmates are managed. See Smith v. Schneckloth, 414 F.2d 680, 681 (9th Cir. 1969) (stating correctional authorities have wide discretion in matters of internal prison administration and reasonable action within scope of said discretion does not violate prisoner's constitutional rights); see Riley v. Rhay, 407 F.2d 496, 479 (9th Cir. 1969); Snow v. Gladden, 338 F.2d 999, 1001 (9th Cir. 1964). In sum, the denial by any defendant of a particular type of treatment, or implementation of a treatment plan different than the one plaintiff wanted, does not by itself violate the Eighth Amendment.

Regarding the fact that plaintiff's diagnosis and treatment has spanned a period of approximately three years, there is no indication in the complaint that the protracted treatment was deliberate and/or wanton on any of the defendants' parts. See generally ECF No. 1 at 5-15. Even if each defendant's approach to plaintiff's treatment was lax or could have been addressed more quickly, that is not enough to state a claim under the Eighth Amendment. Deliberate

indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley, 475 U.S. at 319; Farmer, 511 U.S. at 835 (citing Whitley).

Plaintiff's allegations regarding defendants Smith, Lewis, and Smiley involve their denials of plaintiff's medical consult appeals. The denial of an administrative appeal does not in itself support an Eighth Amendment claim.[1] However, allegations that a correctional defendant failed to adequately respond to a prisoner's serious medical needs, after becoming aware of those needs through the appeals process, may under some circumstances state a cognizable claim. See Jett, 439 F.3d at 1097-98 (prison administrators may be "liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help"); Payan v. Tate, 2017 WL 880422, at *5, 2017 U.S. Dist. LEXIS 31496, at *13-4 (E.D. Cal. Mar. 6, 2017) (Case No. 1:13-cv-0807 LJO BAM PC) ("Plaintiff has not merely complained that the Defendants reviewed or denied his inmate appeal. Rather, plaintiff has alleged that he put the reviewing defendants on notice through the inmate appeals process, establishing knowledge, that Plaintiff had ongoing serious medical conditions and was not receiving proper care."), report and recommendation adopted, 2017 WL 1214015, 2017 U.S. Dist. LEXIS 49613 (E.D. Cal. Mar. 31, 2017). To proceed against these defendants, just as with the treating doctors, plaintiff must provide factual allegations that demonstrate their deliberate indifference: he must plausibly allege how each defendant had personal knowledge of plaintiff's serious medical needs, and how each defendant's response to those needs, or failure to act, violated plaintiff's right to constitutionally adequate medical care.

For all the reasons explained above, plaintiff's deliberate indifference claims are insufficient to proceed. Accordingly, the complaint will not be served in its present form. Plaintiff will, however, be provided the opportunity to amend the complaint in order to provide any additional information that might make these claims viable.

////

---

[1] A challenge to a correctional official's handling or processing of an inmate appeal does not state a due process claim. "[P]rison officials are not required to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process his inmate grievances." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

B. Cruel and Unusual Punishment Claim (Claim II)

Although the complaint asserts a cruel and unusual punishment claim independently of the medical care claim, it is based on the same facts regarding allegedly inadequate medical treatment. See ECF No. 1 at 14. Plaintiff does not challenge any other conditions of his confinement. Accordingly, plaintiff's second claim will be disregarded as duplicative.

Plaintiff is informed that deliberately indifferent medical care is prohibited by the Eighth Amendment's ban on cruel and unusual punishment. There is no need to separately state claims for deliberate indifference and cruel and unusual punishment; when it comes to unconstitutionally deficient prison medical care, they are the same thing. Plaintiff's contention that his medical care constituted cruel and unusual punishment is fully encompassed by his deliberately indifferent medical care claim.

C. Injunctive Relief Request

Although the complaint's Request for Relief section states that plaintiff seeks an "emergency injunction" for specific medical treatment, plaintiff has not separately moved for preliminary injunctive relief. Plaintiff is informed that a request for a preliminary injunction will not be considered unless it is presented in accordance with Rule 65 of the Federal Rules of Civil Procedure and Local Rule 231 of this court. These rules generally require, among other things, notice to the opposing party. In this case, defendants have not yet been served and are not on notice of plaintiff's demand for relief.

Plaintiff is informed that in evaluating the merits of a properly-filed motion for preliminary injunctive relief, the court must consider whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); accord Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). Moreover, in cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires

////

preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

VII. <u>LEAVE TO AMEND</u>

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, the court will dismiss the instant complaint without prejudice, and the newly filed amended complaint will take its place. See <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See <u>George,</u> 507 F.3d at 607.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), <u>overruled on other grounds by</u> <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896 (2012).

VIII. <u>PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT</u>

Your complaint is being dismissed because the facts you allege do not show that the doctors who denied the treatment you wanted did so with "deliberate indifference." Deliberate indifference requires that the doctors knew that their treatment choices placed you at substantial

////

risk of further injury or suffering.  You are being given the opportunity to amend your complaint to add facts that would show they knew this.

Keep in mind that requests for preliminary injunctions do not belong in the complaint; they must be presented by motion and comply with the Federal Rules of Civil Procedure. Requests for a permanent injunction may be listed in the complaint along with other relief that you seek in this case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed February 7, 2018 (ECF No. 2), is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's complaint, filed February 7, 2018 (ECF No. 1), is DISMISSED with leave to amend; and

4. Within thirty days of the date of service of this order, plaintiff shall file a first amended complaint.  Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

DATED: July 12, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE