1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PAUL C. TOMASINI,                        No.  2:18-cv-00286-DAD-AC (PC)

12              Plaintiff,

13       v.                                  ORDER DENYING REQUEST FOR
                                             RECONSIDERATION OF THE ASSIGNED
14  JAMES CHAU, et al.,                      MAGISTRATE JUDGE'S SEPTEMBER 1,
                                             2022 ORDER LIMITING DISCOVERY
15              Defendants.
                                             (Doc. No. 51)
16

17         Plaintiff Paul C. Tomasini is a state prisoner proceeding *pro se* and *in forma pauperis* in

18  this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United

19  States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On September 1, 2022, the assigned magistrate judge issued an order granting defendants'

21  motion for a protective order and limiting the number of written discovery requests that plaintiff

22  may propound on each of the five defendants.  (Doc. No. 50.)  Specifically, the magistrate judge

23  ordered that "[p]laintiff's written discovery requests shall be limited to twenty-five requests for

24  admissions per defendant; ten requests for production per defendant, and twenty-five

25  interrogatories per defendant," and that such "requests shall be limited in scope and time frame to

26  2013 to 2018, and they must pertain to his claims in the operative complaint."  (*Id.* at 1–2.)

27         On September 16, 2022, plaintiff filed a document with the title "Plaintiff's Objection to

28  the Court Order Limiting Plaintiff's Discovery Questions by way of Protective Order for

1

1  Defendant(s)." (Doc. No. 51.)  The undersigned will construe plaintiff's filing as a "Request for

2  Reconsideration by the District Court of Magistrate Judge's Ruling," as provided by Local Rule

3  303(c).  The standard of review for "all such requests is the 'clearly erroneous or contrary to law'

4  standard set forth in 28 U.S.C. § 636(b)(1)(A)."  L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

5       Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may

6  be referred to and decided by a magistrate judge, subject to review by the assigned district judge.

7  Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part

8  of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R.

9  303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are

10  reviewed for clear error, while legal conclusions are reviewed to determine whether they are

11  contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled*

12  *on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate

13  judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an

14  element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or

15  rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1

16  (E.D. Cal. July 18, 2014).  "[R]eview under the clearly erroneous standard is significantly

17  deferential, requiring a definite and firm conviction that a mistake has been committed."

18  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602,

19  623 (1993) (internal quotation marks omitted).

20       Here, plaintiff objects to the magistrate judge's September 1, 2022 order limiting the

21  propounding of discovery requests and the scope of discovery on the basis that defendants had not

22  provided plaintiff notice that they intended to seek a protective order.  (Doc. No. 51 at 1–3.)

23  Notably, plaintiff does not contend that the magistrate judge's decision to impose limitations on

24  the number and scope of plaintiff's written discovery requests was "clearly erroneous or contrary

25  to law."  Indeed, the imposition of those limitations was not clearly erroneous not contrary to law.

26  For example, the limitation on plaintiff of 25 interrogatories per defendant is consistent with Rule

27  33 of the Federal Rules of Civil Procedure, which provides for a party to "serve on any other

28  party no more than 25 written interrogatories."  Fed. R. Civ. P. 33 (a).  Similarly, although the

1   Federal Rules of Civil Procedure do not provide a limit on the number of requests for admission

2   or requests for production that a party may serve, *see* Federal Rules of Civil Procedure 34 and 36,

3   the imposition of a limit of twenty-five and ten, respectively, is not a misapplication of the

4   Federal Rules, which enable courts to limit discovery in this manner. *See* Fed. R. Civ. P.

5   26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of depositions

6   and interrogatories . . . [and] may also limit the number of requests under Rule 36.").

7       For these reasons, plaintiff's request for reconsideration of the magistrate judge's

8   discovery order issued on September 1, 2022 (Doc. No. 51) is denied.

9       IT IS SO ORDERED.

10  Dated:   **October 19, 2022**                    _____

11                                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28