1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   PAUL C. TOMASINI,                          No.  2:18-cv-0286 DAD AC P

12                    Plaintiff,

13        v.                                     ORDER

14   JAMES CHAU, et al.,

15                    Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42

18   U.S.C. § 1983.  The matter has been referred to a United States Magistrate Judge pursuant to 28

19   U.S.C. § 636(b)(1)(B) and Local Rule 302.  All parties have been served, and this case is in the

20   discovery phase.  See ECF No. 38 (discovery and scheduling order).

21        Before the court is plaintiff's request for a ninety-day stay.  ECF No. 62.  The document

22   also states that plaintiff would like to "release" the recently deceased defendant D. Gentry[1] as a

23   named defendant in this case.  ECF No. 62 at 1-2.

24        For the reasons stated below, the court will deny both motions.  In addition, plaintiff will

25   be given the opportunity to decide whether he wishes to substitute a different individual in

26   deceased defendant Gentry's place.

27   _____

28   [1]  Defendants filed a notice of death on behalf of deceased defendant Gentry on December 8,
     2022.  ECF No. 58.

                                          1

1        I.      MOTION TO STAY PROCEEDINGS

2                A.  Relevant Facts

3          In support of plaintiff's motion to stay these proceedings for ninety days, he asserts that

4   on November 30, 2022, he was transferred from Mule Creek State Prison ("MCSP") to a different

5   facility to receive short-term medical care.  ECF No. 62 at 1.  Approximately three weeks later, he

6   was told that he would not be able to return to MCSP due to lack of room.  Id.  As a result,

7   plaintiff would have to be transferred to another facility.  Id.

8          Plaintiff states that all his property is still at MCSP, including his legal files.  ECF No. 62

9   at 1.  He further asserts that he has not received any information from prison authorities indicating

10  when his files will be returned to him.  Id.  For these reasons, he asserts that a ninety-day stay of

11  these proceedings is warranted.  Id.  Defendants have neither filed an opposition, nor a statement

12  of non-opposition to plaintiff's motion.

13               B.  Discussion

14         The motion must be denied.  The transfer of prison litigants among institutions is a normal

15  incident of prison life.  Staying this matter for ninety days due to plaintiff's prison transfer and

16  resultant lack of access to his legal property is not warranted given that plaintiff fails to identify

17  the legal property that he needs at this time and why.  See generally ECF No. 62.

18         Furthermore, the November 2022 date to file motions to compel (see ECF No. 50 at 2)

19  (order amending discovery and scheduling order) was rendered moot when extensions of time

20  were granted to serve and respond to discovery requests (see ECF Nos. 54, 57) (orders granting

21  extensions of time).  Consequently, that date as well as the remaining pretrial motion date

22  currently set for February 20, 2023 (ECF No. 50 at 2), must be reset.  There is no fast-

23  approaching discovery deadline that would warrant a stay of these proceedings simply because

24  plaintiff has been transferred a different prison and currently has no access to his legal files.

25         In the future, once any remaining discovery deadlines have been reset, plaintiff may

26  request extension of any specific deadline that he believes he cannot meet, due to lack of his legal

27  files or for any other reason.  Any such motion must clearly identify the particular deadline

28  plaintiff seeks to extend and the basis for his request.

II.   "RELEASE" OF DECEASED DEFENDANT GENTRY

On December 8, 2022, defendants filed a notice of death for defendant D. Gentry.  ECF No. 58.  In response, plaintiff has stated that he wishes to "release" defendant Gentry as a named defendant in this case.  ECF No. 62 at 1.

Rather than dismissing Gentry at this time, the court will provide information regarding plaintiff's options.  The Federal Rules of Civil Procedure provide that when a party dies, that person's successor(s) and/or personal representative(s) may be substituted in the place of the deceased party.  Rule 25(a), Fed. R. Civ. Pro.; see also Gilmore v. Lockard, 936 F.3d 857 (9th Cir. 2019).  This allows a plaintiff to proceed on a claim against a deceased defendant, and to recover from the deceased defendant's estate should plaintiff ultimately prevail on the merits.  The notice of death filed in this case states that defendant Gentry is survived by her daughter and son. ECF No. 58.  These survivors have been identified to plaintiff, and they were served with the notice of death.  Id.

Plaintiff therefore has ninety days from the filing of the notice of death to bring a motion to substitute parties.  Rule 25(a), Fed. R. Civ. Pro.; Gilmore, 936 F.3d at 867-66.  If plaintiff would like to substitute Gentry's next of kin for defendant Gentry, he must file a motion for substitution within ninety days of the date of service of defendants' notice of death.  See id.  The motion must be served on the representative(s) plaintiff wishes to substitute for Gentry.  Rule 25(a)(3).

If plaintiff does not wish to substitute one of defendant Gentry's children in her place, and instead wishes to dismiss Gentry after having considered his options, he should file a motion to voluntarily dismiss Gentry as a defendant.  The present request to "release" Gentry will be denied without prejudice to such a motion.  Such a motion may be filed without delay.

If plaintiff fails to respond to this order within 90 days of service of the notice of death, Gentry must be dismissed with or without plaintiff's consent.  Rule 25(a).

Once the status of defendant Gentry as a party has been clarified, the court will reset any remaining discovery deadlines.

////

3

1    Accordingly, IT IS HEREBY ORDERED that:

2      1.   Plaintiff's motion for a stay of the proceedings (ECF No. 62 at 1) is DENIED;

3      2.   Plaintiff's request to "release" defendant Gentry (ECF No. 61 at 1-2) is DENIED;

4      3.   If plaintiff still wishes to proceed in this case without substituting a successor for

5    defendant Gentry, within fourteen days from the date of this order, he must file a motion stating

6    as much, and

7      4.   If plaintiff wishes to substitute one of the deceased defendant Gentry's successors as a

8    defendant in this action, he must timely file a motion for substitution of parties consistent with

9    Federal Rule of Civil Procedure 25 and other federal and local rules.

10    Upon plaintiff's filing of his motion related to deceased defendant Gentry, the court will

11    reset the necessary discovery and pretrial deadlines.

12    DATED: January 12, 2023

13

ALLISON CLAIRE
14    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4